# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

[*This form is for prisoners to sue for civil rights violations. NEATLY print in ink (or type) your answers.*]

Donald Woods,

[*You are the PLAINTIFF, print your full name on this line.*]

v.

Warden Ron Neal,

[*The DEFENDANT is who you are suing. Put ONE name on this line. List ALL defendants below, including this one.*]

Case Number  3:22-cv-605

[*For a new case in this court, leave blank. The court will assign a case number.*]

[*The top of this page is the caption. Everything you file in this case must have the same caption. Once you know your case number, it is VERY IMPORTANT that you include it on everything you send to the court for this case. DO NOT send more than one copy of anything to the court.*]

## PRISONER COMPLAINT

| # | Defendant's Name and Job Title | Work Address |
|---|---|---|
| 1 | [Put the defendant named in the caption in this box.] Warden Ron Neal | 1-Park Row street, michigan City, In 46360 |
| 2 | [Put the names of any other defendants in these boxes.] Major Douglas Warloul | 1-Park Row street, michigan City, In 46360 |
| 3 | Officer Frazier | 1-Park Row street, michigan City, In 46360 |

[*If you are suing more defendants, attach an additional page. Number each defendant. Put the name, job title, and work address of each defendant in a separate box as shown here.*]

1. How many defendants are you suing? __3__
2. What is the name and address of your prison or jail? __Indiana State Prison__ __1-Park Row street, michigan City, In 46360__
3. Did the event you are suing about happen there? ☒ Yes.  ○ No, it happened at: _____
4. On what date did this event occur? __3-21-2022.__

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

## CLAIMS and FACTS

DO: Write a short and plain statement telling what each defendant did wrong.

DO: Use simple English words and sentences.

**DO NOT**: Quote from cases or statutes, use legal terms, or make legal arguments.

DO: Explain when, where, why, and how each defendant violated your rights.

DO: Include every fact necessary to explain your case and describe your injuries or damages.

DO: Number any documents you attach and refer to them by number in your complaint.

**DO NOT**: Include social security numbers, dates of birth, or the names of minors.

DO: Use each defendant's name every time you refer to that defendant.

DO: Number your paragraphs. [*The first paragraph has been numbered for you.*]

1. On March 21, 2022, the plaintiff was placed in D-cell house cell 409-west. Later that night the plaintiff woke up with mice crawling on him while he was sleeping in his bed. The next day the plaintiff filed a grievance requesting to have someone do something about this wild rodent problem. The plaintiff waited over a week but he did not get a response from anyone at the grievance office so he wrote a letter to Major Douglas Wartow requesting that he supply the plaintiff with some sort of mouse traps, so he could catch these wild mice that keep running every where in and out of his cell. The plaintiff explain to the Major these mice are coming from the vent in the back of his cell.

2. On March 23, 2022, the plaintiff requested cleaning chemicals again after several request to clean the filth and dirt in his cell after he moved in but the range officer denied him his requests for a broom and mop with some rags along with chemicals so he could clean his unsanitary cell. On March 25, 2022, the sanitation crew of several prisoners along with officer Frazier from the prisons sanitation department came to the plaintiffs cell asking

[*DO NOT* write in the margins or on the back of any pages. Attach additional pages if necessary.]

Claims and Facts (continued)

if he would like a broom to sweep his cell. The plaintiff then requested cleaning chemicals from officer Frazier and a mop along with a toilet brush to clean the plaintiff's toilet. Officer Frazier stated that the major stated that we are not allowed to have a toilet brush and all that he could give the plaintiff was a pair of rubber gloves and a rag to clean the inside of his nasty toilet that looked as it had not been cleaned in years. The plaintiff's toilet smelled of rotten urine. The sanitation officer Mr. Frazier would not even give the plaintiff any cleaning chemicals. Officer Frazier only let a prisoner that worked for the prisons sanitation department soak a rag in a bucket that had dirty cleaning chemicals in it that 32 other prisoners on the range had already used to soak their dirty rags in. The mice droppings and urine deposits that is left behind from these rodents have left the plaintiff having a hard time living and eating his food in this cell on a everyday basis because this is a Administrative segregation unit so the plaintiff is being forced to live in the unsanitary conditions which violate the plaintiff's eighth amendment.

Count 1-1983:

Failure to properly train his employees and refusal to provide adequate shelter. Failure to provide a sanitary environment and supply proper cleaning materials. Failure to control a severe rodent out-break that effects and threatens the plaintiff's mental and physical well-being.

[*DO NOT* write in the margins or on the back of any pages. Attach additional pages if necessary.]

Claims and Facts (continued)

(Warden Neal in his official capacity, and Douglas Warlow, officer Frazier in their individual capacities).

3. Plaintiff incorporates by reference the proceeding paragraphs of this complaint as fully set forth herein.

4. Warden Neal's policies, customs, regulations, practices, acts and omissions are the moving and causative force behind the violations of the constitutional rights and the resulting damages suffered by the plaintiff.

5. Upon information and belief, Warden Neal failed to properly train his employees that such harm from his employees at the Indiana State Prison would not occure, which resulted in the plaintiff being denied proper shelter and sanitation.

6. Upon information and belief, Warden Neal failed to properly train his employees that sanitary safety mechanisms were in place on his segregation units, protecting prisoners from the risk of air borne illnesses, in particular, infestation of vermin and rodents inside the living quarters of the cell houses.

7. Upon information and belief, Warden Neal failed to properly train his employees to constitutional obligations such as to provide the provision of basic cleaning supplies, such as mops, brooms, toilet brushes and cleaners are the basic necessity of civilized life.

[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]

Claims and Facts (continued)

8. To the extent such policies are in place, such policies are routinely violated such that warden Neal has become objectively and subjectively indifferent to the likelihood that a constitutional violation would occur.

9. Warden Neal knew or should have known that these acts and omissions were likely a result in a violation of the plaintiff's Eighth Amendment.

10. Subjectively, denying the plaintiff and other prisoners with proper shelter whiches causes physical or mental deterioration of their well being violates the eighth amendment. Subnormal cell conditions accompanied by unsanitary and unhealthy conditions constitute eighth amendment liability.

11. A sanitary environment such as a prisoner-cell is a basic human need that a penal institution must provide for all prisoners. The eighth amendment is violated by a known infestation of vermin and rodents and prison officials can-not escape their responsibilities for maintaining control of such an out-break and maintaining sanitation. The deprivations are objectively serious enough in which warden Neal acts have resulted in a denial of a minimal civilized measure of life's necessities that the plaintiff is entitled to under the constitution. These conditions of confinement has established a constitutional violation in combination when each condition alone does not satisfy the standard under the constitution.

[*DO NOT* write in the margins or on the back of any pages. Attach additional pages if necessary.]

12. Warden Neal's actions constitute violations under the liability Act pursuant to 42 U.S.C. 1983.

13. Plaintiff reserves the right to proceed with any and all claims which facts averred in this Complaint support pursuant to the notice pleading requirement of Fed. R. Civ. P. 8.

14. As a direct, legal and proximate result of defendant Neal's deliberate indifference, gross negligence, and as well as his conscious and reckless disregard, the plaintiff suffered damages and as such is entitled to fair and reasonable compensation for his damages.

Count-2-1983: Eighth Amendment violation "Cruel and Unusual Punishment.

(Warden Neal in his official capacity, and Douglas Warlow, Officer Frazier in their individual capacities).

15. Plaintiff incorporates by reference the proceeding paragraphs of this Complaint as fully set forth herein.

16. Defendants refused or otherwise failed to provide the plaintiff with adequate shelter under sanitary conditions.

17. Defendants' did not provide the plaintiff with the basic elements of protection from vermin and a rodent infestation in the cellhouse, which this issue was in such disrepair, it seriously threaten the plaintiff's

health and physical and mental well-being.

18. Functioning operational procedures to infestation control in prison are basic necessities of prison life, particularly within the confines of a wholly contained environment such as a prison.

19. Despite the claims of unsanitary conditions the Indiana state prison administration must bear the ultimate responsibility for cell conditions in their facility.

20. Defendants' at all times acted in bad faith and with malice.

21. Defendants' actions or inactions were not reasonably related to legitimate penological interests

22. Defendants' were aware and on notice of the severity of the plaintiff's claims, particularly to the vermin and severe rodent infestation in the cell house, thus, violating the plaintiff's eighth amendment.

23. Plaintiff's rights, privileges, and immunities secured under the Constitution and the laws of the United States have been violated by these alleged actions of these defendants.

24. Defendants' actions constitute cruel and unusual punishment under the eighth amendment for refusal to provide adequate shelter with sufficient cleaning supplies which is a basic human need.

25. Defendants' were aware of the substantial health risk they imposed upon the plaintiff while he was being housed in D-cell house cell 409-west under the deprivations of a basic sanitary cell, which amounted to wanton and unnecessary infliction of pain by the way of a physical and mental deterioration of the plaintiff's well being.

26. Defendants' violated the plaintiff's eighth amendment with a deliberate indifference to the length of time the plaintiff was subjected to the unpleasant, unsanitary conditions which plays a part in determining whether these conditions are cruel and unusual. Degrading or abusive conditions are unconstitutional even if imposed for short periods of time. These defendants' refused to correct or otherwise provide the plaintiff with sufficient protections from a substantial risk of health hazards they imposed, thus, including no cleaning chemicals and supplies to clean and to the infestation of vermin and the rodents that these defendants' knew about, therefore, this amounts to deliberate indifference.

27. As a direct, legal, and proximate result of defendants' deliberate indifference, gross negligence, as well as a conscious and reckless disregard, the plaintiff suffered damages as a result of these defendants' conduct, and as such, plaintiff is entitled to fair and reasonable compensation for his damages.

28. The plaintiff has never sued anyone for this exact same event.

29. The plaintiff has filed and attached a prisoner petition to proceed in Forma Pauperis.

30. May the clerk of the Court please send the plaintiff a filed-stamped copy for the record.

31. The plaintiff will notify the court of any changes of address.

32. The plaintiff respectfully demands a trial by jury in this action to the fullest extent of the law.

## Relief Requested

Wherefore, Plaintiff respectfully requests the following:

1. Enter judgment in favor of the plaintiff on all counts of this Complaint.

2. Award plaintiff compensatory damages against defendants in the amount of $3,100,000 to compensate plaintiff for his damages.

3. Award plaintiff punitive damages and injunctive relief under the Court's authority to enter an injunction in the corrections context extended no further than necessary to correct the violations of the plaintiff's rights. If granted, it will be limited, requiring Warden Ron Neal to house the plaintiff in sanitary conditions that don't violate the plaintiff's rights.

Executed on this 29th day of March, 2022.

Respectfully submitted,
Donald Woods
Plaintiff, Pro se

## Affirmation

I, Donald Woods, plaintiff, pro-se, hereby affirm under the penalties for perjury that the foregoing complaint is true and correct to the best of my knowledge and belief.

Executed on this 29 day of March, 2022

Respectfully Submitted,

Donald Woods
plaintiff, pro-se

Donald Woods
Indiana State Prison
1 Park Row Street
Michigan City, In 46360

5. When did this event happen?
   ○ Before I was confined.
   ○ While I was confined awaiting trial.
   ○ After I was convicted while confined serving the sentence.
   ○ Other: _____

6. Have you ever sued anyone for this exact same event?
   ○ No.
   ○ Yes, attached is a copy of the final judgment OR an additional sheet listing the court, case number, file date, judgment date, and result of the previous case(s).

7. Could you have used a prison grievance system to complain about this event?
   ○ No, this event is not grievable at this prison or jail.
   ○ Yes, I filed a grievance and attached is a copy of the response from the final step.
   ○ Yes, this event was grievable, but I did not file a grievance because _____

   _____
   _____
   _____

8. If you win this case, what do you want the court to order the defendant(s) to do?
   [NOTE: A case filed on this form will not overturn your conviction or change your release date.]

   _____
   _____
   _____
   _____
   _____

[Initial Each Statement]
_____ I will pre-pay the filing fee OR file a prisoner motion to proceed in forma pauperis.
_____ I will keep a copy of this complaint for my records.
_____ I will promptly notify the court of any change of address.
_____ I WILL NOT send more than one copy of any filing to the court.
_____ I WILL NOT send summons, USM-285, or waiver forms to the clerk.
_____ I declare **under penalty of perjury** that the statements in this complaint are true.

I placed this complaint in the prison mail system on ____/____/20____ at _____ am/pm.
   [Do not fill in this date and time until you give the complaint to prison officials to send to the court.]

_____          _____
Signature                                          Prisoner Number

   [DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]