UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD WOODS,

    Plaintiff,

    v.                                 CAUSE NO. 3:22-CV-605-RLM-JPK

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Donald Woods, a prisoner without a lawyer, filed a complaint against Warden Ron Neal, Major Douglas Wardlow, and Officer Frasier regarding the conditions of confinement when he was housed at Indiana State Prison. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "28 U.S.C. § 1915A. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Woods alleges that he was moved to segregation and placed in an unsanitary cell on March 21, 2022. He says the toilet looked like it hadn't been cleaned in years and smelled of urine. Additionally, there were droppings from mice in the cell. Mr. Woods woke up with mice on him on his first night in the cell.

Mr. Woods filed a grievance about the mice. A week later, he had received no response. He wrote a letter to Major Douglas Wardlow explaining that mice were coming from the vent in his cell and asking for mouse traps. The complaint doesn't indicate how Major Wardlow responded, if Mr. Woods obtained mouse traps, if other measures were taken to control the mouse population, how long Mr. Woods was housed in this location, or how long the problem with mice persisted.[1]

Mr. Woods indicates that he asked that his cell be cleaned several times shortly after his arrival. On March 23, when it still hadn't been cleaned, he asked the range officer for a mop, broom, rags, and cleaning chemicals. The request was denied. On March 25, a sanitation crew and Officer Frazier came to Mr. Woods' cell and offered him a broom. He asked for a mop, toilet brush, and chemicals. Mr. Woods was told that the major said they couldn't have a toilet brush, but he was offered rubber gloves and rags. He was also offered a rag soaked in a bucket with cleaning chemicals, but Mr. Woods describes the bucket as containing a dirty solution that had already had the dirty rags of 32 other inmates soaked in it.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is

---

[1] Mr. Woods is no longer housed under these conditions. On November 16, he reported that he had been relocated to a different facility.

2

"sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. at 834.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also* Reed v. McBride, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

"Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." Horshaw v. Casper, 910 F.3d 1027, 1029 (7th Cir. 2018). Supervisory staff can be held liable for a constitutional violation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *See* Doe v. Purdue Univ., 928 F.3d 652, 664 (7th Cir 2019).

There is no indication that Warden Neal was personally involved in either failing to address Mr. Woods's complaints about rodents or denying Mr. Woods

3

cleaning supplies. Furthermore, it can't be plausibly inferred from the factual allegations of the complaint that Warden Neal facilitated, approved, condoned, or turned a blind eye to the conditions in Mr. Woods's cell. Mr. Woods can't proceed against Warden Neal.

Major Wardlow might have learned of Mr. Woods's complaints from the grievance or letter, but it's not clear when he received the letter or how he responded. These allegations are too vague to allow an inference that Major Wardlow was deliberately indifferent to Mr. Woods's needs. The only other reference to Major Wardlow in the complaint is Officer Frazier's comment that the major said the inmates can't have toilet brushes, but Mr. Woods was given an alternative (although perhaps less effective) means to clean the toilet. Major Wardlow's prohibition against inmates having access to toilet brushes doesn't amount to a constitutional violation, and Mr. Woods won't be allowed to proceed against Major Wardlow.

Mr. Woods also sued Officer Frasier. Mr. Woods describes a single encounter with Officer Frasier on March 25, 2022: Officer Frasier provided Mr. Woods with a broom and offered him gloves and rags, but declined Mr. Woods's requests for a mop, toilet brush, and other cleaning chemicals. These allegations don't permit a plausible inference that Officer Frasier was deliberately indifferent to Mr. Woods's needs for a sanitary cell. Mr. Woods can't proceed against Officer Frasier.

This complaint doesn't state a claim for which relief can be granted. If Mr. Woods believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Woods may file an amended complaint because "[t]he

4

usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." <u>Abu-Shawish v. United States</u>, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) <u>Prisoner Complaint</u>** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Donald Woods until **<u>April 18, 2023</u>**, to file an amended complaint; and

(2) CAUTIONS Donald Woods if he does not respond by April 18, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 15, 2023

s/ Robert L. Miller, Jr.<br>
JUDGE<br>
UNITED STATES DISTRICT COURT